Scott, Chief Judge.
The decision of this case depends on a single question : Is a statute of Ohio, which requires a foreign insurance company, as a condition precedent to its right to transact and carry on business within this state, to “waive all claim or right • to transfer or remove any cause then or thereafter pending in any of the courts of this state, wherein such company may' be a party, to any of the courts of the United States,” repugnant to the constitution and laws of the United States, and therefore void? If such statutory requirement be valid, the judgment of the Court of Common Pleas in this case should be affirmed; otherwise it was without jurisdiction, and must be reversed.
The validity of such state legislation was affirmed by the Supreme Court of this state in the case of N. Y. Life Ins. Co. v. Best et al., 23 Ohio St. 105. A majority of this court fully approve that decision. We think it based upon well-established principles and reasons which can not be successfully controverted. It is unnecessary to restate them. But the Supreme Court of the United States has recently decided the question otherwise, Chief Justice Waite and Judge Davis dissenting. Home Ins. Co. v. Morse, 20 Wallace, 445. We recognize that court as the tribunal of last resort in cases depending on the question before us. Whilst it is true, as was said in the case of Skelly v. The Jefferson Branch of the State Bank of Ohio (9 Ohio St. 606), that the decisions of the Supreme Court of the United States, though entitled to the highest respect, do not bind and conclude the judgment of a state court as the decision of a superior upon an inferior court of the same system; yet it would practically be useless to adhere to our convictions, unless there were reasons to expect that the question, *159 when again presented to that court, would be decided differently.
We think it advisable, therefore, to follow, though we do not approve, the decision of the Supreme Court of the United States, to which we have referred; and the judgment of the Court of Common Pleas in the case before us will therefore be reversed.
Day, Wright, and Ashburn, JJ., concurred.